ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 18 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

Peter Halloran
Tallahatchie Co. Corr. Facility
A0259579 / Unit E
295 U.S. Highway 49 South
Tutwiler, Mississippi 38963-5072

PETITIONER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER HALLORAN, <br><br> Petitioner, <br><br> vs. <br><br> JAMES COOK, Warden; <br> J. BENNETT, Hawaii <br> Attorney General, <br><br> Respondents. | Civil No. 04-00577 DAE-BMK <br><br> PETITIONER'S REPLY TO STATE <br> OF HAWAII'S RESPONSE TO ORDER <br> COMPELLING PRODUCTION OF <br> EVIDENCE; EXHIBIT; <br> CERTIFICATE OF SERVICE |

PETITIONER'S REPLY TO STATE OF HAWAII'S
RESPONSE TO ORDER COMPELLING THE PRODUCTION OF EVIDENCE

I.  INTRODUCTION

Comes forth Petitioner, pursuant to Rules 7 & 8 of the Federal Rules of Civil Procedure, who herein replies to the Respondent's Response to Order Compelling Production of Evidence (hereafter: "Response").

II. RESPONDENT VERIFICATION WITH PREMATURE ARGUMENTS

First and foremost, the Respondents verify and admit to incarcerating Petitioner and witness Domingo Ruiz, together, at

1

the Oahu Community Correctional Center during April of 1997. See: Response, page 3, ¶ 2.

Second, the Respondents deviate extensively from the Court's Order Compelling Production of Evidence by: essentially presenting extended arguments as to why petitioner's Petition for Writ of Habeas Corpus should be procedurally barred.

As the court has not yet ordered an evidentiary hearing in this case, nor arguments on the merits of Petitioner's claims, the state appears to be unfairly attempting to influence the court with their positions prematurely. Thus, the state actions has compelled Petitioner to rebut their arguments as presented below.

III. ARGUMENTS

In reply and rebuttal to the Respondents premature arguments on the merits, Petitioner presents as follows:

A.  <u>Petitioner's New Trial Motion Procedurally Barred</u>

The Respondents' predicate claim to Petitioner's lack of entitlement to habeas corpus relief is misconstructed within his alleged violation of Hawaii Rules of Penal Procedure (hereafter: "HRPP"), Rule 33. The Respondents claim Petitioner failed to request a new trial within the HRPP Rule 33's required 10 days.

Petitioner avers to the state Record which shows otherwise: The attached EXHIBIT is the pro se Petitioner's April 15, 2007 request to his state Circuit Court judge DelRosario indisputably requesting relief from his sentence and conviction. This letter was duly filed in his criminal case on April 15, 1997, prior to

2

entry of any Rule 33 final judgment in his case.

While Petitioner's pro se motion fails to duplicate a perfected criminal attorney's Rule 33 motion, the reading of its contents is quite clear: (1) Petitioner is alleging actual innocence: and (2) seeks court reconsideration of his conviction - ("I cannot believe I am being sent to prison for a crime I could not mentally, morally or physically commit." [Exhibit at 1]; "You have the power to try and put a stop to it: PLEASE." [EXHIBIT at 7]).

In all state jurisdictions of the United States, it is common and accepted practice for judges and court officers to construe basic articulated pro se, non-legally educated criminal defendant written pleas, addressed to the court, as informal motions, transmitted and received within codified time constraints, as legally binding pleadings.  This usurps any later claims of time defaults, contrary to the interests of justice, of the type the Respondents now persuade this court to consider.

The fact the court stamped the attached EXHIBIT "Received" on April 15, and filed it in the Circuit Court criminal case on April 16, 1997, evidences the importance the court attached to it.

Petitioner alleges violations of state Constitutional due process and equal protection guarantees by way of state refusal to consider Domingo Ruiz's newly discovered testimony.  Petitioner has articulated a valid federal habeas corpus claim pursuant to Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

B.   Federal Court Entitled to Reach its Own Conclusions

Within their Response, the Respondents prematurely deviate from the Order to argue the relevance of newly discovered Domingo Ruiz's eye-witness testimony, citing trial selected witness testimony. As the trial transcripts evidence, numerous discrepancies arose within, and between the various witnesses' testimony. And, the facts presented by Domingo Ruiz clearly contradict these witnesses: ([Observed:] "The lady was laying down, and she was pulling his pants down. She was grabbing his leg, and he was trying to get away from her" [Testimony of D. Ruiz, Tr. pg. 9, lines 14-17]. This is a prime example why it is a trial jury, not the deputy prosecuting attorney who adjudicates such issues of fact. Petitioner upon habeas corpus seeks only a fair Constitutional trial including proper party trial witness Domingo Ruis's relevant testimony.

Contrary to the state's arguments that federal jurisdiction is limited to barriers imposed by HRPP Rules 33 & 40(a)(3) (See: Response at pp. 4 & 5), pursuant to Jackson v. Virginia, 433 U.S. 307, 318 (1979): "a federal court has a duty to assess the historic facts when it is called upon to apply a constitutional standard to a conviction obtained in state court." According to Wainwright v. Sykes, 433 U.S. 72, 87 (1977): "[a] petitioner is 'entitled to have the federal habeas corpus court make its own independent determination of his federal claim, without being bound by the determination on the merits of that claim reached in the state proceedings.'"; Blackledge v. Allison, 431 U.S. 63, 83-84 (1977): "state prisoner is entitled to careful consideration and plenary processing of his claim, including full opportunity

4

for presentation of the relevant facts."; <u>Wingo v. Wedding</u>, 418 U.S. at 468: "since the Judiciary Act of February 5, 1967, ...Congress has expressly vested plenary power in the federal courts 'for taking testimony and trying the facts anew in habeas hearing." (quoting: <u>Fay v. Noia</u>, 372 U.S. 391, 416 (1963)).

C. <u>Respondents Fail to Consider Federal Actual Innocence Standard</u>

Petitioner has invoked a claim involving the "actual innocence" standard predicating federal court review of his claims. Pursuant to: <u>Murray v. Carrier</u>, 477 U.S. at 496, the standard involves a constitutional violation [which] "has probably resulted in the conviction of one innocent of the crime" or "has probably resulted in the conviction of one who is actually innocent", accord: <u>Schlup v. Delo</u>, 513 U.S. at 325; and: <u>Sawyer v. Whitley</u>, 506 U.S. at 339 & note 5: "The prisoner must 'show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or <u>to have become available only after the trial, the trier of fact would have entertained a reasonable doubt of his guilt.</u>'" (quoting: <u>Kuhlman v. Wilson</u>, 477 U.S. 436, 455 n. 17 (1986) (quoting: Henry J. Friendly, <u>Is Innocence Irrelevant? Collateral Attack on Criminal Judgments</u>, 38 U. Chi. L. Rev. 142, 160 (1970) (underline added).

D. <u>Respondents Seek to Perpetuate Undeveloped State Record</u>

Within their Response, the Respondents attempt to persuade

this court to retain the undeveloped state record. They prematurely argue full development to be unnecessary where THEIR witnesses collaborate THEIR version of the facts: "This is unequivocally clear when the testimony of percipient witness Orlando Wilson is compared to both Petitioner and Ruiz' testimony." See: Response at 6, ¶ 1.

Obviously, if no defense witness was present [such at Domingo Ruiz] at trial to impeach their witnesses' testimony, the trial record proceeds constricted by their uncontested version of the events. And, the prosecution is more interested in preserving that uncontested record rather then giving any court nor trial jury a fair and just opportunity to hear an unbiased, sober, factual eyewitness Petitioner never in his life met prior to the April 1997 OCCC revelations. Ruiz's testimony clearly meets all five prerequisites required under both federal law (<u>Gallegros v. United States</u>, 295 F.2d 879, 881 (9th Cir. 1991) and state law (<u>State v. McNulty</u>, 60 Haw. 259, 267-68, 588 P.2d 438, 445 (1978).

Only a legally blind prosecutor determined to stamp the justice out of a habeas petitioner's Constitutional rights could claim that: a neutral eyewitness observing Petitioner attempting to escape from an alleged victim's drunken shorts-lowering grip could be categorized as: (1) "not material to the issue of Petitioner's guilt or innocence to the charged offense [Response at 7, ¶ 3]"; (2) "was merely cumulate of Petitioner's own testimony [Response at 8, ¶ 2]"; and (3) "would not have resulted in his acquittal [Response at 9, ¶ 3]".

E. <u>Hawaii State Law Infringes Upon Constitutional Rights</u>

The Respondents wrongly argue that Hawaii Penal Procedure Rule 40(a)(3) procedurally bars Petitioner from these federal habeas proceedings ("Petitioner is procedurally barred from asserting his claim...")(Response at 4, ¶ 2).

If the Respondents are correct, whenever a state law infringes a constitutionally protected right, the U.S. Supreme Court undertakes intensified equal protection scrutiny of that law. See, e.g. <u>Cleburne v. Cleburne Living Center, Inc.,</u> 473 U.S. 322, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); <u>Martinez v. Bynum</u>, 461 U.S. 321, 328, n. 7, 103 S.Ct. 1838, 1842, n. 7, 75 L.Ed.2d 879 (1982); <u>Plyler v. Doe</u>, 457 U.S. 202, 216-217 and n. 15, 102 S.Ct. 2382, 2394-2395 and n. 15, 72 L.Ed.2d 786 (1982); <u>Memorial Hospitl</u>, 415 U.S. at 258, 262, 94 S.Ct., at 1082, 1084; <u>San Antonia Independent School District v. Rodriguez</u>, 411 U.S. 1, 16 and n. 39, 30-32, 40, 93 S.Ct. 1278 and n. 39, 1295-1296, 1300, 36 L.Ed.2d 16 (1973); <u>Police Dept. of Chicago v. Mosley</u>, 408 U.S. 92, 101, 92 S.Ct. 2286, 2293, 33 L.Ed.2d 212 (1972).

If the Respondents are incorrect, then Petitioner is entitled to habeas relief.

IV. CONCLUSION

The Respondents verify and admit to housing Petitioner and witness Domingo Ruiz together facilitating Petitioner's discovery, as claimed, of relevant new evidence of innocence. Prior to April 1997, the two had never met. The Respondents further

7

unfairly and prematurely depart this court's order to argue the merits of their case in effort to influence the court. This has compelled Petitioner's reply and rebuttal. Petitioner duly filed a timely pro se request for relief from conviction and sentence. Domingo Ruiz's eyewitnessing is quite Constitutionally relevant to these habeas proceedings, demonstrating actual innocence. The state admits a state statute conflicts with Petitioner's Constitutional rights, compelling a careful federal scrutiny of that statute and Petitioner's claims of innocence in light of the deprivations depending from state use of the statute.

Therefore, Petitioner prays for further review with the granting of habeas relief.

Respectfully submitted.

DATED: This 13th day of April, 2006.

_____
Peter Halloran
PETITIONER