IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PETER HALLORAN, ) | CV. NO. 04-00577 DAE-BMK |
| ) | |
| Petitioner, ) | ORDER DENYING APPEAL |
| ) | FROM MAGISTRATE'S |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| JAMES COOK, Warden ) | |
| Tallahatchie County ) | |
| Correctional Facility, MARK J. ) | |
| BENNETT, Attorney General, State ) | |
| of Hawaii, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

ORDER DENYING APPEAL FROM MAGISTRATE'S
FINDINGS AND RECOMMENDATION

Before this Court is Petitioner Peter Halloran's appeal from the Magistrate's Findings and Recommendation ("F&R"), which recommended that this Court deny Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. After careful consideration of the habeas petition, the F&R, and Petitioner's Appeal, this Court DENIES Petitioner's Appeal from Magistrate's Findings and Recommendation.

BACKGROUND

On March 31, 1997, Petitioner was convicted in the Circuit Court of the First Circuit, State of Hawai`i ("Circuit Court") of attempted sexual assault in

the first degree, in violation of Hawai`i Revised Statutes §§ 705-500 and 707-730(1)(a) (1993 Replacement).  The events leading up to Petitioner's conviction occurred on July 1, 1996.  Petitioner and the victim met socially at a bar.  The victim's allegation that Petitioner followed her home and attempted to sexually assault her was supported by eye-witness testimony.  Orlando Wilson ("Wilson"), a neighbor of the victim, testified to witnessing Petitioner grab the victim, hit her, and pound her head on the ground.  Petitioner argued at trial that the victim had invited him to her house and then had attacked him.  Petitioner did not present witness testimony to support this version of the incident.

Following his conviction, Petitioner requested the withdrawal of his trial counsel, Deputy Public Defender Reginald Yee ("Yee").  Subsequently, Petitioner sent a letter to the Circuit Court, received on April 15, 1997, expressing his dissatisfaction with Yee's representation and suggesting a mistrial.

On July 28, 1997, Petitioner and his newly appointed counsel filed a motion for a new trial pursuant to Rule 33 of the Hawai`i Rules of Penal Procedure ("Rule 33").  The Rule 33 motion was based on two allegations: (1) discovery of a new eye-witness, Domingo Ruiz ("Ruiz"), who would testify that the victim had in fact been the aggressor; and (2) Yee's ineffective assistance as counsel.  (See Resp't App. B, T.)

On September 1, 1997, the Circuit Court held a hearing on Petitioner's sentencing and on Petitioner's Rule 33 motion. During the hearing, the court heard testimony from Ruiz, who corroborated Petitioner's story to the extent that Ruiz did not observe Petitioner assaulting the victim. The Circuit Court sentenced Petitioner to twenty years incarceration. (See Resp't App. D.) On October 21, 1997, the Circuit Court denied Petitioner's Rule 33 Motion as untimely.[1] (Resp't App. C.)

Petitioner filed a Notice of Appeal.[2] On October 30, 1998, the Intermediate Court of Appeals of the State of Hawai`i ("ICA") affirmed Petitioner's conviction. (Resp't App. G.) Petitioner failed to file a timely writ of certiorari, and on November 27, 1998, the Hawai`i Supreme Court denied Petitioner's emergency motion for enlargement of time and later denied a motion

---

[1] Rule 33 requires that a motion for new trial be made within ten days after the verdict. Petitioner filed the motion approximately four months after his conviction. At that time, Petitioner's contradictory statements led the court to believe that he had met Ruiz prior to Petitioner's conviction.

[2] Petitioner raised three points of error: (1) Petitioner was denied effective assistance of counsel at trial; (2) the court abused its discretion in denying Petitioner's Rule 33 Motion; and (3) the court erred when it sentenced Petitioner as a repeat offender. (See Resps. App. E at 10-11.)
Petitioner claimed that Yee was ineffective when Yee failed to: (1) present an impossibility defense based on Petitioner's alleged medication-related impotence; (2) adequately investigate the case and Petitioner's other medical disabilities; (3) call material witnesses; and (4) present evidence on Petitioner's behalf.

3

for reconsideration. (Resp't App. I.) Petitioner did not seek certiorari with the United States Supreme Court.

On April 14, 1999, Petitioner proceeding *pro se* filed a state petition for post-conviction relief pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure ("Rule 40").[3] On May 5, 2000, the Circuit Court denied Petitioner's Rule 40 Motion as "patently frivolous and . . . without trace of support either in the record or from other evidence submitted by the petitioner . . . ." (Resp't App. L at 1.)

The Hawai`i Supreme Court affirmed the denial of the Rule 40 motion, and judgment was entered on April 7, 2004.[4] (Resp't App. P.) The Hawai`i Supreme Court determined that Petitioner's claim of ineffective counsel "failed to (a) further develop claims he brought on appeal . . . or (b) meet the two-part test required to establish ineffective assistance of counsel." (Resp't App. P.)

---

[3]The Rule 40 petition raised three grounds for relief: (1) evidence from the newly discovered witness demonstrated actual innocence; (2) unconstitutional conviction based on a biased jury due to Yee's failure to voir dire a juror; and (3) ineffective assistance of trial counsel. (Resp't App. J at 5-6.)

[4]The Court held, in part, that, pursuant to Rule 40(a)(3), Petitioner's claim for a new trial based on the "newly discovered" witness, Domingo Ruiz, was procedurally barred because it was previously ruled upon by the ICA. Petitioner's claim that counsel failed to properly voir dire the jurors was also procedurally barred, as Petitioner failed to raise the issue on direct appeal.

Petitioner filed the instant Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on February 2, 2005, raising two grounds for relief: (1) Petitioner was deprived of his federal Constitutional right to a fair trial when the state court denied his Rule 33 Motion for a New Trial; and (2) ineffective assistance of trial counsel.  (Pet'r Am. Pet. at 3.)  This amended petition was referred to the Magistrate for review.[5]

On June 15, 2005, the Magistrate issued an F&R recommending that the petition for writ of habeas corpus be denied.[6]  On July 5, 2005, Petitioner filed an appeal of the F&R.  On July 6, 2005, however, this Court adopted the F&R prior to receiving Petitioner's objections.  As Petitioner's appeal was in fact timely, this Court suspends the order adopting the F&R and reviews Petitioner's objections.

On March 10, 2006, this Court issued an Order Compelling Production of Evidence to resolve the factual dispute regarding when Petitioner

---

[5] Pursuant to LR72.5 and 28 U.S.C. § 636(a).

[6] Regarding Ground One, Petitioner's motion for a new trial, the Magistrate found that Petitioner: (1) had not exhausted all available state remedies as required under 28 U.S.C. § 2254; (2) that the motion was procedurally barred; and (3) that the motion was meritless.  Regarding Ground Two, ineffective assistance of counsel, the Magistrate found that Petitioner's claims were either procedurally barred or without merit.

first became aware of witness Ruiz.  Respondent filed a Response on March 22, 2006.  Petitioner filed a Reply on April 18, 2006.[7]

## STANDARD OF REVIEW

Any party may object to a magistrate's proposed order, findings, or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); LR74.2.  The District Court must make a *de novo* determination of those portions of the magistrate's report to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made.  28 U.S.C. § 636(b)(1); Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992) (the court must consider the matter anew).

## DISCUSSION

Once a claim has been reviewed on the merits in state court, a district court may not grant a petition challenging a state conviction unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts

---

[7]Petitioner also filed a request for an extension to file a reply brief.  This Court granted the extension assuming that Petitioner intended to submit a supplemental brief, however, nothing further was submitted.

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 371-73 (2000).

Furthermore, a petition for writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective. 28 U.S.C. § 2254(b)(1); see Coleman v. Thompson, 501 U.S. 722, 731 (1991); Calderon v. United States Dist. Court for the E. Dist. of California, 107 F.3d 756, 760 (9th Cir. 1997).

The primary purpose of the exhaustion doctrine is to "protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). Exhaustion of state remedies requires that a petitioner fairly present federal claims to each appropriate state court in order to give the state the opportunity to correct alleged violations of a petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001). A petitioner must cite to a specific federal Constitutional guarantee, or cite to federal case law. See Lyons, 232 F.3d at 668, 670.

I.      Ground One: Denial of New Trial

Petitioner claims that he was deprived of his federal Constitutional right to a fair trial when his Rule 33 motion for a new trial, based on a newly discovered eye-witness, was denied by the court. The Magistrate found that Petitioner's claim was unexhausted, meritless, and procedurally barred. (F&R at 22.) Petitioner challenges this conclusion, asserting the following points of error: (1) the Magistrate's finding that Ground One was unexhausted was based on an erroneous conclusion that eye-witness Ruiz was not "newly discovered"; (2) the Magistrate erred in finding that Petitioner failed to present the federal basis of his Rule 33 motion and was thus procedurally barred; and (3) the Magistrate erred in concluding that Ruiz's potential testimony did not support a finding of actual innocence.

The Magistrate found, based on an ambiguous record, that Petitioner met witness Ruiz prior to Petitioner's conviction. The record now shows that Petitioner and Ruiz did not meet until April 28, 1997, after his conviction and well-past the ten-day time period for bringing a Rule 33 motion in state court. (See Resp't Resp. Order Compel Evidence at 3 & Ex. A, B.) Although it is now clear that Ruiz was in fact "newly discovered," this Court nevertheless finds that Petitioner is not entitled to relief under section 2254. Petitioner has procedurally

defaulted on this claim and does not make the necessary showing to excuse his default.

Petitioner failed to fairly present the federal basis of his claim in his Rule 33 Motion, and failed to properly appeal the denial of the Rule 33 motion to the Hawai`i Supreme Court. (F&R at 12-14.) The Magistrate's characterization of Ruiz as "not newly discovered" does not alter the conclusion that Petitioner failed to exhaust his state court remedies.

As discussed in the F&R, Petitioner relied solely on state law to support his claim throughout the Rule 33 proceedings. The Circuit Court, after a proper hearing and after Ruiz had the opportunity to present testimony, denied Petitioner's motion based on the Circuit Court's lack of jurisdiction over the claim under state law. Petitioner failed to explicitly reference a specific federal Constitutional provision or federal case law to the state courts, either in his Rule 33 Motion, or in his direct appeal to the ICA. See Lyons, 232 F.3d at 668, 670. Petitioner then failed to timely file for a writ of certiorari of the ICA's decision to the Hawai`i Supreme Court. Thus, Petitioner never raised this claim as a federal claim to the highest state court with jurisdiction to hear it.

Petitioner was then explicitly procedurally barred from asserting this claim in his Rule 40 motion. The Circuit Court also denied Petitioner's Rule 40

petition as meritless. Thereafter, the Hawai`i Supreme Court, citing Rule 40(a)(3), clearly and expressly found Petitioner's Rule 40 motion to be barred from review because the claim had been raised and ruled upon both at trial and on direct appeal.[8] Therefore, Petitioner's Rule 33 and Rule 40 motions, based on the denial of a new trial, were procedurally barred in state court.

If, prior to the filing of the federal petition, independent and adequate state procedural rules preclude the state courts from hearing the claim, the claim is procedurally barred in federal court. Coleman, 501 U.S. at 729-730; see Correll v. Stewart, 137 F.3d 1404, 1417 (9th Cir. 1998). The Hawai`i Supreme Court expressly relied on Rule 40(a)(3) to deny Petitioner's claim, and the ICA affirmed Petitioner's conviction. Accordingly, this Court finds that the federal basis for this claim is unexhausted and that the claim is procedurally barred from federal court.

A petitioner may, however, be granted federal review of the claim if he can demonstrate cause and actual prejudice, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-750; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

---

[8]Rule 40(a)(3) states in pertinent part: "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived." H. R. P. P. 40(a)(3).

Petitioner has shown cause for the procedural bar but has not shown prejudice. As the record now reflects, Petitioner did not meet Ruiz until after the ten-day period for a Rule 33 motion. Thus Petitioner has shown that an "objective external factor" impeded his ability to comply with the procedural rule. See Murray v. Carrier, 477 U.S. 488 (1986). Nevertheless, Petitioner cannot demonstrate actual prejudice by the procedural bar. The evidence provided by Ruiz would not satisfy the requirements for granting a new trial. Under Federal Rule of Criminal Procedure 33, in order to prevail on a motion for a new trial the following criteria must be satisfied: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence; (3) the evidence must be material; (4) the evidence must neither be cumulative nor impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.[9] United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991); United States v. Jackson, 209 F.3d 1103, 1106 (9th Cir. 2000).

---

[9]The Supreme Court of Hawai`i has adopted a similar standard. Under Rule 33, the court may grant a motion for new trial if it is in the interest of justice. When the motion for new trial is based on newly discovered evidence, the motion will be granted if the evidence: (1) was discovered after trial; (2) could not have been discovered before or at trial through due diligence; (3) is material and not cumulative or for purposes of impeachment; and (4) would probably change the result of a later trial. State v. Caraballo, 615 P.2d 91, 97 (Haw. 1980).

Although Petitioner may arguably satisfy the first three prongs of this test, he is unable to satisfy the latter two requirements. Regarding the fourth criterion, Ruiz's testimony is merely cumulative. Ruiz testified that he was present at the scene only for the final one and one-half minutes before the police arrived. Ruiz observed Petitioner trying to walk away and the victim, who was laying on the ground, grabbing onto his leg. (Resp't App. T at 9.) Wilson, who was the first eye-witness at the scene, testified that he observed Petitioner on top of the victim, punching her, grabbing her, and pounding her head against the pavement. (Resp't App. R at 74-75, 90-92.) Wilson also testified that Petitioner began to walk away as the police arrived, and Wilson observed Petitioner's penis protruding from his shorts. (Resp't App. R at 94-98.) Ruiz's testimony merely confirms Wilson's testimony that in the final moments of the altercation, Petitioner was attempting to leave.

With regards to the fifth Kulczyk criterion, the evidence provided by Ruiz's testimony does not indicate that a new trial would probably result in acquittal. Ruiz's testimony is of limited value because Ruiz witnessed only about the final minute of the event and cannot offer any insight to the preceding events. Wilson's testimony, however, is more complete – he was the first witness to arrive at the scene, he called the police, and he remained at the scene until the police

arrived. Wilson's testimony is buttressed by both the victim's injuries and testimony, and also by Petitioner's own testimony admitting he punched, slapped, and forced the victim's head to the ground.

A procedural default may also be excused if a petitioner can demonstrate that failure by the federal courts to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002). A miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 488, 496 (1986); Schlup v. Delo, 513 U.S. 298, 327 (1995). In order to establish actual innocence, a petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Cooper v. Woodford, 358 F.3d 1117, 1119 (9th Cir. 2004) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). A writ of habeas corpus is warranted if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 US 782, 795 (2001).

Petitioner contends that Ruiz's testimony "clearly and indisputably supports a finding of actual innocence." (Pet'r Appeal F&R at 5-6.) However, establishing actual innocence requires that a petitioner make a stronger showing

than that needed to establish prejudice.  <u>Schlup</u>, 513 U.S. at 327; see <u>Sistrunk v. Armenakis</u>, 271 F.3d 1174, 1178-79 (9th Cir. 2001).  For the same reasons that this Court has concluded that Petitioner has not established prejudice, Petitioner's claim of actual innocence fails to meet the heightened standard.  This Court finds that evidence presented by Ruiz, had he testified at trial, would not have made it more likely than not that no reasonable juror would have found Petitioner guilty.  Petitioner is not entitled to relief as to Ground One of his petition.

    II.    <u>Ground Two: Ineffective Assistance of Counsel</u>

Petitioner asserted ten bases for his ineffective assistance of counsel claim.[10]  While Petitioner did properly raise a federal basis for his claim under the Sixth Amendment in state court on direct appeal,[11] this Court finds, as did the Magistrate, that Petitioner failed to appeal the ICA's ruling to the Hawai`i Supreme Court and therefore procedurally defaulted on that claim.  See <u>Baldwin v. Reese</u>, 541 U.S. 27, 27-28 (2004); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).

---

[10] Petitioner claims Yee was ineffective when he: (1) failed to move for a new trial based on Ruiz's testimony; (2) failed to voir dire all jurors; (3) failed to present an impossibility defense; (4) failed to adequately investigate the case; (5) failed to subpoena certain witnesses; (6) failed to request a continuance; (7) failed to prepare Petitioner to testify; (8) failed to move for judgment of acquittal; (9) failed to subpoena police officers; and (10) failed to compel a description of Petitioner's clothing.

[11] <u>See</u> F&R at 24.

14

Petitioner's Rule 40 motion also failed to present a federal basis for his claim of ineffective assistance of counsel claim to the state court.[12] The exhaustion doctrine precludes federal review of a section 2254 claim when a petitioner fails to alert the state courts to the fact that he is asserting a federal claim. See Duncan v. Henry, 513 U.S. 364, 365 (1995). Petitioner's nonspecific reference to his "unconstitutional" conviction does not meet this standard. Petitioner neither made explicit reference to federal law, nor characterized his claim specifically as federal. Petitioner argues that his failure to distinguish between the Hawai`i Constitution and the United States Constitution in his motion is moot because the "Hawaii Constitution adopts the United States Constitution in its entirety." (Pet'r Appeal F&R at 8.) Petitioner is mistaken in this assertion, and has therefore failed to provide the federal basis for the claim. Furthermore, Petitioner's Rule 40 claim was procedurally barred by the Hawai`i Supreme Court, pursuant to Rule 40 (a)(3), because Petitioner did not bring the claim on direct appeal. Each basis for the Rule 40 motion, including his attorney's alleged failure to voir dire the jury, is therefore procedurally barred from federal review.

Petitioner has not demonstrated cause and actual prejudice, nor demonstrated that failure to consider the claim will result in a fundamental

---

[12] With the exception of the claim for failing to properly voir dire the jury.

miscarriage of justice to excuse his procedural default.  See Coleman, 501 U.S. at 749-750.  Despite having newly appointed counsel, Petitioner failed to properly move for review of his conviction by the Hawai`i Supreme Court.  (F&R at 26.) Petitioner does not explain this failure in either his Amended Petition nor his Reply.  Having failed to show cause, this Court need not address whether Petitioner has shown prejudice.  See Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

This Court further finds that Petitioner has not demonstrated innocence or that failure to consider the claim will result in a fundamental miscarriage of justice.  To prevail on a claim for ineffective assistance of counsel, an applicant must demonstrate: (1) that counsel's actions were outside the range of reasonably competent professional assistance; and (2) that the defendant was so prejudiced by his counsel's action that there is an objectively reasonable probability that, but for counsel's deficient representation, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-90 (1984); Edwards v. Lamarque, 439 F.3d 504, 510 (9th Cir. 2005).

Judicial scrutiny of counsel's performance must be highly deferential and must consider the facts as they were understood to be at the time of counsel's conduct.  See Strickland, 466 U.S. at 689-90.  Petitioner cannot prevail on his

...

claim against Yee's failure to move for a new trial, because new evidence reveals that Petitioner did not meet Ruiz until after Petitioner's conviction, and in fact, after Petitioner moved to remove Yee as his counsel. Yee could not have moved for a new trial based on testimony from Ruiz that did not yet exist.

Petitioner also argues that Yee failed to properly voir dire the jury. This claim is unsupported by the record. Notwithstanding the absence of a portion of the voir dire transcript,[13] the available record clearly demonstrates that all jurors were subject to a comprehensive voir dire.[14]

Petitioner's claims that Yee failed to present that Petitioner was taking Tegretol, a drug which rendered him impotent, and that the length of Petitioner's shorts prevented his penis from showing, are entirely without merit. First, Petitioner himself testified about the length of his shorts, and displayed the shorts to the jury. (See Resp't Answer App. S at 77-78.) Second, sexual assault as defined by H.R.S. §§ 707-700 and 707-730 is not restricted to penetration by a

---

[13] Respondents did not submit a complete transcript of the Circuit Court's voir dire of the jurors, having left out pages 35-46 and anything after 62. However, the Court finds the available record sufficient to support the conclusion that all potential jurors were subject to voir dire and to ensure that Petitioner was not denied his right to an unbiased jury.

[14] The circuit judge specifically asked if any juror was biased in favor of or against the prosecution or defense. The record reflects no affirmative response to this question by any juror. Jurors were also informed about the presumption of innocence, the burdens of proof, and of judging the credibility of witnesses. (See Resp't App. U at 9-35.) During the defense's voir dire, the jurors were again asked if they could be fair and impartial, to which each juror individually affirmed that they could. (Id. at 59-61.)

penis. Therefore, Petitioner's alleged impotence does not render him incapable of committing sexual assault. Regardless, there is no evidence in the record corroborating Petitioner's claim that he was taking Tegretol at the time.[15]

For the reasons stated above, Petitioner has failed to demonstrate that any action by Yee was outside the range of professionally competent assistance or that he was prejudiced by Yee's action. Accordingly, Petitioner is not entitled to relief for Ground Two of his petition.

## CONCLUSION

For the foregoing reasons, this Court ADOPTS Magistrate's Findings and Recommendation and DENIES Petitioner's Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2006.



David Alan Ezra
United States District Judge

Peter Halloran v. James Cook, et.al., CV. NO. 04-00577 DAE-BMK; ORDER DENYING PETITIONER'S APPEAL FROM MAGISTRATE'S FINDINGS AND RECOMMENDATION

---

[15]During trial Petitioner submitted a generic medical pamphlet on the drug Tegretol, but did not present any evidence that he had a prescription for the drug, or that he had been taking the drug, or any medical documentation of impotence. (See Resp't. Answer App. T at 16-18.)