IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PETER HALLORAN,                   ) | CV. NO. 04-00577 DAE-BMK |
|                                                       ) | |
|          Petitioner,           ) | |
|                                                       ) | |
|    vs.                                    ) | |
|                                                       ) | |
| JAMES COOK, Warden            ) | |
| Tallahatchie County                  ) | |
| Correctional Facility, MARK J.  ) | |
| BENNETT, Attorney General, State ) | |
| of Hawaii,                                      ) | |
|                                                       ) | |
|         Respondents.        ) | |
| _____ ) | |

ORDER DENYING PETITIONER'S MOTION
FOR RELIEF FROM JUDGMENT

        Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Petitioner Peter Halloran's motion and the supporting memorandum and exhibits, the Court DENIES Petitioner's Motion for Relief from Judgment.

BACKGROUND

        The facts and procedural history of this case are detailed in the Court's Order Denying Appeal from Magistrate' Findings & Recommendation ("Order"), and need not be recounted in full.  For purposes of this discussion, it is

sufficient to note only the most relevant events in this protracted litigation. Petitioner was convicted of attempted sexual assault in the first degree in the Circuit Court of the First Circuit, State of Hawai`i ("Circuit Court"). After his conviction, Petitioner was assigned new counsel and requested a new trial under Hawaii Rules of Penal Procedure ("HRPP") Rule 33. The Circuit Court denied the Rule 33 Motion. The Intermediate Court of Appeals and the Hawaii Supreme Court affirmed. Petitioner next filed a Petition for Post-Conviction Relief under HRPP Rule 40. The Circuit Court denied this motion as well and the Hawai`i Supreme Court affirmed.

Petitioner then filed an Amended Petition for Writ of Habeas Corpus with the Federal District Court for the District of Hawai`i, which was referred to the Magistrate for review. The Magistrate recommended that the Petition for Writ of Habeas Corpus be denied. This Court accepted the Magistrate's recommendation over the Petitioner's objections. Petitioner now urges the Court to reconsider its denial of the Petition for Writ of Habeas Corpus. Petitioner argues, as he did in his previous petitions, that he is entitled to a new trial based on the expected testimony of Domingo Ruiz.

STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  Rogers v. Watt, 772 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Carnell, 872 F. Supp. at 758.  There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988).

Federal Rules of Civil Procedure ("FRCP") Rule 60(b) provides that the court may grant relief from judgment for reason of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence
> could not have been discovered in time to move for a

> new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The first and sixth bases are relevant to this Petition. Petitioner seeks relief from judgment, alleging mistake of fact and law as well as fundamental miscarriages of justice.

In this case, Petitioner moves for reconsideration of the Court's Order citing the need to prevent manifest injustice.  Petitioner argues that he suffered a "fundamental miscarriage of justice" when the Court denied him the opportunity for a new trial at which he could present the newly discovered testimony of Ruiz. The gist of Petitioner's argument is that the Court committed manifest errors of law or fact in its analysis of Orlando Wilson's and Ruiz's testimony.  See, id.

## DISCUSSION

Petitioner argues that the Court misinterpreted the testimony of Orlando Wilson and Domingo Ruiz and as a result erroneously concluded that Petitioner failed to establish prejudice as required by the Federal Rules of Criminal Procedure ("FRCrP") Rule 33 in order to receive a new trial.  On Petitioner's

4

Appeal From Magistrates Findings & Recommendation ("F&R"), the Court found that Petitioner did not demonstrate prejudice because Ruiz's testimony was cumulative and the evidence did not indicate that a new trial would probably result in acquittal.  (Order at 12-13.); see United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991); United States v. Jackson, 209 F.3d 1103, 1106 (9th Cir. 2000).

A. Arrival Of Witnesses

      Petitioner argues that the Court erroneously concluded from the record that: (1) Wilson arrived on the scene of the incident before Ruiz, (2) Wilson's testimony was more complete than Ruiz's, and (3) Wilson's testimony is buttressed by the victim's injuries and testimony.  The first two arguments actually address the foundation for finding that Ruiz's testimony is cumulative of Wilson's; the third argument is addressed separately.  Ultimately, none of Petitioner's arguments are sufficiently convincing to show a clear error of law or fact that would require the Court to reconsider its previous ruling.

      Petitioner first objects to the Court's conclusion that Ruiz's testimony "merely confirms Wilson's testimony that in the final moments of the altercation, Petitioner was attempting to leave."  (Mot. at 4.)  Petitioner argues that Ruiz's testimony is more than a confirmation of Wilson's testimony because Ruiz arrived upon the scene quickly and was present for the duration of the altercation, thus he

must have seen more than Wilson. (Id.) A careful review of both witnesses' testimony reveals that Petitioner's arguments fall short of the "strongly convincing" standard.

First, Ruiz's own testimony does not indisputably prove Petitioner's belief that Ruiz arrived upon the scene of the incident before Wilson. Ruiz testified that he arrived at the walkway "one minute" after hearing female screams. (Tr. at 9, line 10.) Petitioner argues that Wilson could not have arrived before Ruiz because Wilson had to get dressed and cover a greater distance than Ruiz in order to arrive at the scene. Petitioner's argument is not supported by the record. Petitioner wilfully exaggerates the distance that Wilson had to traverse in order to reach the scene of the altercation. Wilson testified that he dressed in approximately two seconds, jumped off his lanai, and ran up the stairs leading to the building next door to his, where the incident was occurring. (Tr. at 86, line 20 - 88, line 24.) Based on Wilson's testimony, it is entirely possible that Wilson arrived at the stairs in less than one minute, before Ruiz arrived, and Petitioner has not presented a "strongly convincing" argument to the contrary. Thus, it was not clear error for the Court to rule that Wilson arrived at the scene of the incident before Ruiz, nor were the conclusions flowing from this ruling clearly erroneous.

B. "Neither Cumulative Nor Impeaching" Criterion

Petitioner fails to present a strongly convincing argument that Ruiz's testimony is not cumulative of Wilson's testimony. Ruiz testified that when he arrived on the scene, he saw a female lying on the ground, preventing a male from leaving, and that the male was cursing at the female and slapping her hands away from him. (Tr. at 9, line 14 - 11, line 1.) A portion of Wilson's testimony provides essentially the same information. Wilson stated that when he arrived, he saw a male lying on top of a female; that the male was cursing at the female; and that as Wilson arrived, the male got off of the female and attempted to walk away, at which point the police arrived. (Tr. at 74, line 20 - 75, line 15; 76, lines 20-24.)

Petitioner argues that Ruiz's testimony is not cumulative because: (a) Ruiz testified that the incident lasted for approximately one to one and a half minutes after Ruiz arrived while Wilson was not asked to estimate the duration of the incident, (Mot. at 5), and (b) Ruiz testified that he did not see Petitioner on top of the alleged victim. (Id. at 8.) These arguments are unconvincing.

The testimony of one witness does not have to mirror exactly the testimony of another witness in order to be considered cumulative. Petitioner argues that because the Court acknowledges that two different eye-witness accounts exist, it implicitly admits that Ruiz's testimony is not cumulative.

Petitioner cites to many disparities between the respective testimony of Ruiz and Wilson, in addition to the two differences enumerated, in an attempt to demonstrate that Ruiz's testimony is not cumulative. Petitioner has not, however, applied the appropriate legal test to determine if the testimony is cumulative. Testimony is cumulative if its probative value is so slight that its assistance to the jury in arriving at the truth would be outweighed by extension of the trial and the potential for confusion. Goodwin v. MTD Products, 232 F.3d 600, 609 (7th Cir. 2000). In this case, Ruiz's testimony would not assist the jury in arriving at the truth because what he saw (Petitioner attempting to leave) was basically the same as what Wilson saw. The balance of Ruiz's testimony – e.g., that the alleged victim did not request assistance (Tr. at 11, line 16-17), that Ruiz did not know which person was the aggressor (Tr. at 12, line 2), that both parties to the incident seemed intoxicated (Tr. at 12, lines 17-25), and that Ruiz did not think Petitioner would be charged with a crime (Tr. at 14, lines 19-24)– would not assist the jury in determining whether Petitioner had committed the offense of attempted sexual assault in the first degree, but rather would be more likely to lengthen the trial needlessly and confuse the jury. In addition, because the critical portions of Ruiz's testimony are cumulative of Wilson's testimony, Petitioner has failed to raise a strongly convincing argument that the Court should reconsider its finding that the

introduction of this testimony at a new trial would not likely result in a verdict of acquittal.  See, Kulczyk, 931 F.2d at 548; Jackson, 209 F.3d at 1106.

Petitioner argues repeatedly that Ruiz's testimony should be admitted because it does not impeach Petitioner's testimony, (Mot. at 7-8), or because Ruiz's testimony was not impeached.  (Id. at 10.)  It appears that Petitioner misunderstands and misapplies the "cumulative nor impeaching" criterion for showing prejudice under Rule 33 standard to prevail on a motion for a new trial. Kulczyk, 931 F.2d at 548; Jackson, 209 F.3d at 1106.  The criterion does not address whether or not the newly discovered evidence has been impeached, thus Petitioner's latter argument is legally unsound.  See, Kulczyk, 931 F.2d at 549. Second, Petitioner misapplies the criterion by comparing Ruiz's testimony solely to the Petitioner's.  "[E]vidence that would merely impeach a witness cannot support a motion for a new trial." Id. (emphasis added).  While Ruiz's testimony might not impeach the Petitioner's testimony, it would be introduced specifically to impeach Wilson, another witness.  This is clear from the entirety of Petitioner's Motion – the reason he wants the testimony introduced is to refute Wilson's eye-witness account.  Thus, Ruiz's testimony fails under both elements contained in the fourth prong of the Rule 33 test.  Because Petitioner misunderstood and misapplied the "cumulative nor impeaching" criterion, he failed to present a strongly

convincing argument that the Court committed manifest injustice when it found that Petitioner did not show prejudice as required by Rule 33.

C. <u>Wilson's Credibility</u>

Petitioner argues that the Court erred in relying on Wilson's testimony because Wilson admitted to lying on the stand when he testified that he did not see "everything." According to Petitioner, because the Order was grounded on false testimony, it constitutes manifest injustice. This argument lacks merit. Petitioner misunderstands or misrepresents Wilson's testimony; Wilson's statement was neither an express admission of lying nor did it directly contradict any of his other testimony. Wilson never asserted that he saw "everything." On direct examination, Wilson testified that he was alerted to the altercation by the sound of a female screaming and went on to testify about what he saw from the vantage point of the stairway leading up to the walkway, a view which was unobstructed. (Tr. at 73-74.) Wilson never testified that he saw what transpired while he was getting dressed or while he was traversing the parking lot, when his line of sight was obstructed. Petitioner's argument that Wilson lied on the stand is utterly unconvincing. Thus Petitioner fails to show a clear error of fact or law.

Petitioner raises an additional argument, stating that it is "unfair" for the Court to "suggest Wilson's testimony is buttressed by both the victim's injuries

and testimony . . . absent: (A) expert medical testimony confirming injury causation, and (B) the availability of Ruiz['s] eye-witness testimony before the trial jury."  (Mot. at 7 (citing F&R at 13, ¶ 1).)  Petitioner does not elaborate on this argument, thus the Court deems it to be waived.  <u>NW Acceptance Corp. v. Lynwood Equipment, Inc.</u>, 841 F.2d 918, 923 (9th Cir. 1988) (citing <u>United States v. White</u>, 454 F.2d 435, 439 (7th Cir. 1971) (it is appropriate to deem an argument waived where the court has not been provided sufficient information to make an intelligent disposition of the issue) <u>cert. denied</u>, 406 U.S. 962 (1972)).

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion For Relief From Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 1, 2007.



_____
David Alan Ezra
United States District Judge

<u>Halloran v. Cook</u>, CV No. 05-00577 DAE-BMK; ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT