IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER HALLORAN, | ) | CV. NO. 04-00577 DAE-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES COOK, Warden Tallahatchie | ) | |
| County Correctional Facility, MARK | ) | |
| J. BENNETT, Attorney General, | ) | |
| State of Hawaii, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S REQUEST FOR
CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  On March 8. 2007, Petitioner Peter Halloran filed a Notice of Appeal from the Court's Order Denying Petitioner's Motion for Relief from Judgment ("Order Denying Relief").  After reviewing the Court's Order Denying Relief, the Court DENIES Petitioner's Certificate of Appealability ("COA").

BACKGROUND

The facts and procedural history of this case are detailed in the Court's Order Denying Appeal from Magistrate' Findings & Recommendation

("Order Denying Appeal"), and need not be recounted in full. Suffice it to say, Petitioner was convicted of attempted sexual assault in the first degree pursuant to Hawaii Revised Statutes ("Haw. Rev. Stat.") §§ 705-500 and 707-730(1)(a) in the Circuit Court of the First Circuit, State of Hawai`i ("Circuit Court"). After his conviction, Petitioner was assigned new counsel and requested a new trial under Hawaii Rules of Penal Procedure ("HRPP") Rule 33. The Circuit Court denied the Rule 33 Motion. The Intermediate Court of Appeals and the Hawaii Supreme Court affirmed. Petitioner next filed a Petition for Post-Conviction Relief under HRPP Rule 40. The Circuit Court denied this motion, and the Hawai`i Supreme Court affirmed.

Petitioner then filed an Amended Petition for Writ of Habeas Corpus with the Federal District Court for the District of Hawaii, which was referred to the Magistrate for review. The Magistrate recommended that the Petition for Writ of Habeas Corpus be denied. The Court accepted the Magistrate's recommendation over the Petitioner's objections. On July 20, 2006, Petitioner filed a Motion for Relief from Judgment, urging the Court to reconsider its denial of the Petition for Writ of Habeas Corpus. Namely, Petitioner argued that he was entitled to a new trial based on the expected testimony of Domingo Ruiz ("Ruiz"). On February 1,

2007, the Court issued the Order Denying Relief, denying Petitioner's motion for relief from judgment, after which Petitioner filed a Notice of Appeal.

## STANDARD OF REVIEW

A petitioner must specifically request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA.  See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)).  "If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate." United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).  Upon filing a notice of appeal, a district judge who renders the judgment must issue a COA or state why such a certificate should not issue.  See Federal Rules of Appellate Procedure ("FRAP") 22(b)(1).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The COA shall indicate which specific issues satisfy that "relatively low" standard.  See 28 U.S.C. § 2253(c)(3); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).  The standard is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to

proceed further.'" Jennings, 290 F.3d at 1010 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

DISCUSSION

Because Petitioner provides no argument supporting his request for a COA, the Court shall address Petitioner's request based on its Order Denying Relief. Petitioner appears to appeal the Court's determination that Ruiz's newly discovered testimony likely would not have led to his acquittal. The Court found that Ruiz's testimony would have been cumulative of Orlando Wilson's ("Wilson"), non-impeaching, and that, contrary to Petitioner's argument, Wilson's testimony was credible.

Wilson had testified as an eye witness who arrived at the scene of the crime, stating that he saw a male lying on top of a female; that the male was cursing at the female; and that as he arrived, the male got off of the female and attempted to walk away, at which point the police arrived. Similarly, Ruiz would have testified that when he arrived at the scene, he saw a female lying on the ground who was preventing a male from leaving and the male cursing at the female and slapping her hands away from him. He further would have testified that the alleged victim did not request assistance, that Ruiz did not know which person was the aggressor, that both parties to the incident seemed intoxicated, and that Ruiz

4

did not think Petitioner would be charged with a crime.  For the reasons stated in the Order Denying Relief, the Court found that Ruiz's testimony would not have assisted the jury in determining whether Petitioner had committed the offense of attempted sexual assault in the first degree.  (Order Denying Relief at 7-8.)  Rather, the Court determined that the introduction of Ruiz's newly discovered testimony would have been more likely to lengthen the trial needlessly and to confuse the jury.  The Court also found no merit to Petitioner's argument that Wilson lacked credibility because he purportedly "admitted to lying on the stand."  (Id. at 10.)  Instead, it found no contradictions or admissions of lying in Wilson's testimony, and it found that Wilson's testimony was "buttressed by both the victim's injuries and testimony."  (Id. at 5, 10.)

> Although the standard to grant a COA is "relatively low," Jennings, 290 F.3d at 1010, the Court finds that reasonable jurists would not find debatable the issue of whether Ruiz's testimony likely would have resulted in Petitioner's acquittal, thus entitling him to a new trial under Federal Rules of Criminal Procedure ("FRCrP") 33.  See United States v. Kulczyk, 931 F.2d 542, 548-49 (9th Cir. 1991) (finding that "evidence that would merely impeach a witness cannot support a motion for a new trial" and that "neither piece of evidence would likely result in an acquittal").  That issue could not have been resolved differently

because Petitioner did not provide any testimony from Ruiz that would have been non-cumulative or impeaching, leading to his acquittal. Wilson and Ruiz's testimony of the events basically coincided. Petitioner cited to a few disparities to prove that Ruiz's testimony was non-cumulative, which the Court found to be either "unconvincing" or unlikely to assist the jury. (<u>Order Denying Relief</u> at 7.) For instance, Ruiz testified that both parties to the incident seemed intoxicated, and he testified to his opinion that he did not think Petitioner would be charged with a crime. Notably, the former testimony would not have assisted Petitioner, as bar patrons already had testified that Petitioner and the victim were drinking and appeared to be intoxicated. (<u>Findings and Recommendation</u>, 06/15/05, at 2.) Furthermore, under Hawaii law, self-induced intoxication generally is not a defense to an offense, and, for a defendant, it "is not admissible to negative the state of mind sufficient to establish an element of the offense." <u>See</u> Hawaii Revised Statutes § 702-230(1) & (2). Additionally, Ruiz's opinion of Petitioner's likelihood of being charged with a crime would not have assisted the jury because that opinion would not have been helpful to a determination of a "fact in issue." Federal Rules of Evidence ("Fed. R. Evid.") 701. The remaining discrepancies, inasmuch as they can be characterized as such, would have been similarly unhelpful in assisting the jury because they do not shed light on who acted as the

aggressor and the victim to determine whether Petitioner had committed the offense.

Moreover, Petitioner's attack of Wilson's credibility, implying that Ruiz's testimony may have been more credible, lends no support to Petitioner's claim, given that Petitioner did not highlight any contradictions or misrepresentations in Wilson's testimony that would have suggested that he was "lying." In short, Petitioner's issue on appeal pertaining to Ruiz's proposed testimony is undeserving of encouragement to proceed any further.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's COA.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2007.



_____
David Alan Ezra
United States District Judge

Peter Halloran vs. James Cook, et al., Civil No. 04-00577 DAE-BMK; ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY