IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER HALLORAN,<br><br>Petitioner,<br><br>vs.<br><br>JAMES COOK, Warden, Tallahatchie County Correctional Facility; MARK J. BENNETT, Attorney General, State of Hawaii,<br><br>Respondents. | ) | CV. NO. 04-00577 DAE-BMK |

ORDER DENYING PETITIONER'S REQUEST
FOR RECONSIDERATION OF
CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Motion for Reconsideration of Certificate of Appealability.

BACKGROUND

On September 27, 2004, Petitioner Peter Halloran ("Petitioner") filed a Petition ("Petition") for Writ of Habeas Corpus under 28 U.S.C. § 2254 with this

Court. On November 3, 2004, this Court denied the Petition with directions to amend it within 30 days. On February 2, 2005, Petitioner filed his Amended Petition, which was referred to the Magistrate Judge for review. In Petitioner's Amended Petition, he raised two grounds for relief: (1) that he was deprived of his constitutional right to a fair trial when the State of Hawaii denied his Rule 33 Motion for a New Trial; and (2) ineffective assistance of trial counsel. (Pet'r Am. Pet. at 3.)

On June 15, 2005, the Magistrate Judge issued a Findings and Recommendation ("F&R") recommending that the Petition be denied. On July 5, 2005, Petitioner filed his appeal of the Magistrate Judge's F&R. On March 10, 2006, this Court issued an Order Compelling Production of Evidence by the Respondents, in order to resolve the factual dispute about when Petitioner first became aware of witness Ruiz. On March 22, 2006, Respondents filed a Response. On April 18, 2006, Petitioner filed a Reply.

On June 30, 2006, this Court issued an Order Denying the Petition in its entirety and affirming the Magistrate Judge's F&R. On July 20, 2006, Petitioner filed a Motion for Relief from Judgment, which this Court denied on February 1, 2007. On March 8, 2007, Petitioner filed a "Notice of Appeal" to the United States Court of Appeals for the Ninth Circuit with this Court, which this

Court construed as a request for a Certificate of Appealability ("COA"). On July 5, 2007, this Court issued an Order Denying Petitioner's Request for a COA.

On July 24, 2007, Petitioner filed the instant Request for Reconsideration ("Reconsideration Motion"). In Petitioner's Reconsideration Motion, he asserts that: (1) Orlando Wilson's ("Wilson") testimony that he had a "bird's eye view of the scene from his apartment, where he saw a female on her back and a male on top of her" contradicted photographic evidence; (2) Wilson's testimony regarding Petitioner's erect penis "sticking out of the right side of Petitioner's shorts could not possibly be true" because Petitioner is six feet and four inches (6' 4") tall and the shorts in question were "more than knee long"; (3) Ruiz's testimony contradicted Wilson's testimony because Ruiz testified that he was at the "scene immediately and did not see Petitioner's penis being exposed," but saw Petitioner "standing up and it was the woman who was attacking Petitioner by trying to pull his pants down while grabbing unto Petitioner's leg," as Petitioner was trying to get away; (4) there were no collaborations between Petitioner and Ruiz's testimony of the incident because they met at the Oahu Community Correctional Center ("O.C.C.C.") for a brief moment four months after the incident; and (5) Ruiz's testimony did not support Wilson's testimony, and a finding by this Court that Wilson was more reliable is "unrealistic" because Wilson

and Ruiz saw two different things. (Petr.'s Req. for Reconsideration of COA at 1-2.)

STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also Carnell, 872 F. Supp. at 758-59. Fed. R. Civ. P. 60(b) also provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## DISCUSSION

In this Court's Order denying Petitioner's COA, this Court found that: (1) Petitioner provided no argument in support of his COA; (2) Ruiz's testimony would have been cumulative of Wilson's non-impeaching testimony; and (3) Wilson's testimony was credible. (Order Denying Petr.'s COA at 4.)

Specifically, this Court found that Ruiz and Wilson's testimony of the events leading to Petitioner's conviction of attempted assault in the first degree by the State of Hawaii basically coincided. This Court further found that Ruiz's testimony was merely cumulative and it would not have led to Petitioner's acquittal, even if the testimony was introduced at trial. In addition, Ruiz's testimony was of limited value to the Court because it did not offer any insight to the preceding events of the incident as Ruiz witnessed only the final minutes of the

events. Ruiz testified that he was at the scene for the last one and one-half minutes before the police arrived. Moreover, he testified that he saw a female lying on the ground who was trying to prevent a male from leaving, while he was cursing at her and slapping her hands away from him. (Respt. App. T at 9; Or. Denying App. from Mag.'s F&R at 12.)

This Court found that Wilson's testimony was credible because his testimony was more complete, insofar as he was the first witness at the scene, he called the police, and remained at the scene until the police arrived. Wilson's testimony was also "buttressed by both the victim's injuries and testimony," and Petitioner's own admission that he punched, slapped, and forced the victim's head to the ground. (Order Denying Relief at 5, 10.) Wilson testified as an eye witness that he was first at the scene, that he saw Petitioner on top of the victim, punching her, grabbing her, and pounding her head against the pavement. (Respt. App. R at 74-75, 90-92.) Wilson further testified that he saw Petitioner's erect penis protruding from Petitioner's shorts as Petitioner began to walk away when the police arrived. (Id. at 94-98.)

In the instant motion, Petitioner again argues that Wilson's testimony regarding Petitioner's exposed penis contradicts Ruiz's testimony because Ruiz testified he did not see such a thing. This Court, however, found that both

testimonies merely confirmed each other as to the final moments of the altercation between Petitioner and the victim. This Court also found Wilson's testimony had greater value because Wilson was an eye witness to the events, from the time he observed the incident after hearing the scream, to the time the police arrived, with only a brief interruption of his observations due to running back into his apartment to put his clothes on, and running across the walkway to the scene. (Ex. 1 at 74, 89.) Petitioner argues, however, that Ruiz testified that Ruiz was at the scene "immediately" where he saw Petitioner "standing up" and it was the victim who was attacking Petitioner. (Petr.'s Req. for Reconsideration of COA at 2.) Petitioner's statement that Ruiz was at the scene "immediately" is in contradiction with Ruiz's testimony. Ruiz testified that he arrived at the scene one minute after hearing a woman screamed, and was present only for the final one and one half minutes before the police arrived. (Ex. 2 at 9; Order Denying App. from Mag.'s F&R at 12.)

Petitioner next claims that Ruiz's testimony is more credible because there were no alleged collaborations between the two of them regarding the incident, even though Ruiz came forward four months after the incident, after a brief meeting with Petitioner at O.C.C.C. There were no findings by this Court that a collaboration existed between Petitioner and Ruiz regarding the events in

question. Instead, this Court found that Ruiz's testimony was redundant, of limited value, and offered only a partial insight to the events because Ruiz only witnessed the final minutes of the event.

Petitioner also contends that the Court's findings that Wilson's testimony is more credible than Ruiz's is "unrealistic" because both witnesses saw two different things. Petitioner's argument supports this Court's previous findings that Ruiz's testimony is cumulative because his testimony merely confirmed the final minutes of the events between Petitioner and the victim. The reason why Ruiz did not see Petitioner on top of the victim, punching and grabbing her, and repeatedly banging her head against the pavement, was because Ruiz was not yet present to see it. Furthermore, Petitioner's assertions supports this Court's findings that Wilson's testimony is credible because Wilson's testimony provided a more complete description of the events.

Petitioner has not offered any new evidence or intervening change in the law, nor has he shown that this Court committed clear error or manifested injustice to warrant reconsideration of this Court's denial of Petitioner's COA. See Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003); see also, Carnell v. Grimm, 872 F. Supp. 746, 758-59 (D. Haw. 1994) Furthermore,

Petitioner offers no new argument or evidence for this Court to grant his request for reconsideration. Petitioner continues to argue that Ruiz's testimony is more credible than Wilson's and this Court should grant Petitioner's request based on Ruiz's testimony alone. Petitioner is basically regurgitating the same arguments over and over, but alleges that they are actually new arguments. Petitioner's contentions in this instant motion is the same as before, and there is nothing new that would warrant extraordinary relief. Petitioner's alleged new arguments are basically circular disagreements with this Court's findings. This Court therefore denies Petitioner's request.

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Request for Reconsideration of his Certificate of Appealability.

IT IS SO ORDERED.
DATED: Honolulu, Hawaii,October 11, 2007.




David Alan Ezra
United States District Judge

Peter Halloran vs. James Cook, et al., Civil No. 04-00577 DAE-BMK; ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION OF CERTIFICATE OF APPEALABILITY